Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL ESPECIAL**

| | | |
|---|---|---|
| Jesús A. De León Tricoche<br><br>Recurrente<br><br>vs.<br><br>Pedro Santos Echevarría, Supte. Zaida Ocasio González, Capitan Jorge Silvestrini Ruiz, Comandante Máximo Cuevas Rivera, Teniente Walbert González, Oficial Jhonny Ocasio Caquiaz, Técnico Socio Penal Luis Sánchez, Técnico Socio Penal Rafael Nazario, Supervisora Social Migdalia Cintrón, Supervisora Social Carmen Ortiz, Estado Libre Asociado<br><br>Recurridos | KLCE202500460 | ***CERTIORARI***<br>procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Civil Núm.:<br>PO2019CV03872<br><br>Sobre:<br><br>Violación de Derecho Civiles |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Rivera Colón, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 13 de mayo de 2025.

Comparece ante nos, el señor Jesús A. De León Tricoche (en adelante, Sr. De León Tricoche o peticionario), quien presenta recurso de *Certiorari* solicitando la revocación de la "Resolución" emitida el 25 de marzo de 2025,[1] por el Tribunal de Primera Instancia, Sala Superior de Ponce. Mediante el referido dictamen, el foro primario declaró No Ha Lugar la solicitud para enmendar la demanda presentada por el peticionario.

Tras evaluar el escrito del peticionario, así como la evidencia documental anejada al mismo, prescindimos de la comparecencia

---

[1] Notificada el 27 de marzo de 2025.

de la parte recurrida, y procedemos a resolver.  Regla 7 (b)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (b)(5).

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable, denegamos el recurso mediante los fundamentos que expondremos a continuación.

## I.

En el año 2019, el Sr. De León Tricoche radicó una demanda por violación de derechos civiles contra, entre otros demandados, el Gobierno de Puerto Rico.  En vista de que el peticionario reclamó una suma en concepto de daños, el 21 de febrero de 2025,[2] el foro recurrido paralizó los procedimientos en virtud del *Confirmation Order* emitido por el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico.  Conforme explicó el Tribunal, este *Confirmation Order* estableció un *injunction* paralizando los casos y reclamos presentados contra el Gobierno de Puerto Rico, a partir del 3 de mayo de 2017 y hasta el 15 de marzo de 2022.  Es decir, el Tribunal reconoció que carecía de jurisdicción para continuar con el caso, en virtud del *injunction* contemplado en el *Confirmation Order*.

Durante el transcurso del pleito, el Sr. De León Tricoche solicitó enmendar su reclamación.[3]  El Gobierno de Puerto Rico se opuso mediante "Moción en Cumplimiento de Orden" presentada el 24 de marzo de 2025.  Esencialmente, el Estado argumentó que la petición del peticionario era improcedente, toda vez que el caso se encontraba paralizado.

Atendidas las posturas de ambas partes, el 25 de marzo de 2025,[4] el Tribunal de Primera Instancia emitió "Resolución" por

---

[2] Notificada el 24 de febrero de 2025.
[3] La moción a esos efectos no se anejó al expediente apelativo.
[4] Notificada el 27 de marzo de 2025.

medio de la cual declaró No Ha Lugar la solicitud para enmendar la demanda presentada por el peticionario.

Inconforme, el Sr. De León Tricoche recurre ante este foro apelativo intermedio y señala la comisión de los siguientes errores, a saber:

> 1) *Erró el Tribunal de Primera Instancia al determinar que no tenía jurisdicción para atender el recurso incoada por la parte recurrente; aduciendo que hay una Sentencia de Paralización.*
>
> 2) *Erró el Tribunal de Primera Instancia al denegar la Moción Solicitando Autorización para Enmendar las Alegaciones al Amparo de la Regla # 13.1 Proc. Civil. La cual era para enmendar la demanda. Como fue la Opinión de la Jueza Taylor Swain cuando se le solicitó el protocolo del proceso.*

## II.

El recurso de *Certiorari* es el vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las decisiones de un tribunal inferior. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Con el propósito de ejercer sabiamente nuestra facultad discrecional en la consideración de los asuntos planteados mediante dicho recurso, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, imparte que esta segunda instancia judicial considerará los siguientes criterios al determinar si procede la expedición de un auto de *Certiorari*:

> *(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*
>
> *(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.*
>
> *(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*
>
> *(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*
>
> *(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*

*(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*

*(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*

## III.

En el caso de autos, el Tribunal de Primera Instancia emitió Sentencia el 21 de febrero de 2025, notificada el 24 de igual mes y año, paralizando los procedimientos, advirtiendo al peticionario a someter su reclamo y petición en el proceso de *Administrative Expense Claims* en el caso bajo Título III de PROMESA. Debido a que hoy día el caso se encuentra paralizado, el foro primario declaró No Ha Lugar la solicitud de enmienda a la demanda radicada por el peticionario.

A la luz de los criterios enumerados en la Regla 40 de nuestro Reglamento, *supra*, no encontramos criterio alguno que nos mueva a expedir la petición presentada por el Sr. De León Tricoche. Nada en el expediente apelativo demuestra que el foro recurrido haya actuado con prejuicio, parcialidad, error manifiesto o abuso de su discreción, por lo que su dictamen nos merece deferencia.

Hasta tanto se levante la paralización, no se puede efectuar ningún trámite en el presente caso, una vez ocurra esto, el Sr. De León Tricoche podrá presentar las mociones que entienda necesario. Al día de hoy, el caso continúa paralizado.

Por los motivos que anteceden, denegamos la expedición del recurso debido a que no cumple con ninguno de los criterios enumerados en la Regla 40 de nuestro Reglamento, *supra*.

## IV.

Por los fundamentos expuestos, los cuales hacemos formar parte de este dictamen, denegamos el *Certiorari* solicitado por el señor Jesús A. De León Tricoche.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones